FOSTER BLACK COMPANY, (LIMITED,) *vs.* ANDREW L. FENNESSEY.

Hampden.   September 28, 1893. — October 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Guaranty — Construction of Contract.*

A., who did business as a commission merchant, was the selling agent of C. One B., a banker, discounted for third parties certain notes made by C., and held as collateral security certain goods manufactured by C. The notes not having been paid at maturity, B. drew on A. for the amount due on them. Before the drafts were honored, B. transferred to A. the goods which he so held as collateral security, and executed an instrument, which recited that B. agreed to reimburse A. for any loss "arising from advances, disbursements, or charges" made by A. to

B., and "to take up certain notes" made by C. "and which were discounted by" B.; that C. had placed with B. certain goods as collateral security for the notes, which collateral security had been transferred to A.; and that "this guarantee is given to protect" A. "in case said collateral security should prove insufficient to reimburse" A. "as above." A. then disposed of the goods and rendered an account of sales to B., and afterwards brought an action against B. for the balance alleged to be due him under the contract. *Held*, that A. in making up his account had a right to charge the usual commissions for making the sales, and interest on his advancements and disbursements.

CONTRACT, upon the following instrument, dated November 20, 1889, and signed by the defendant: "In consideration of the sum of one dollar to us in hand paid by The Foster Black Co., 'Limited,' of the city and county of New York, the receipt of which is hereby acknowledged, we, Fennessey, Armstrong, & Co., of the city of Springfield, State of Massachusetts, do hereby covenant, promise, and agree that we will save and hold them, the said The Foster Black Co., 'Limited,' free, clear, and harmless, and will pay to and reimburse them, the said The Foster Black Co., 'Limited,' for any loss or losses now or hereafter growing out of or arising from advances, disbursements, or charges made by the said The Foster Black Co., 'Limited,' to the said Fennessey, Armstrong, & Co., to take up certain notes amounting to $29,109.00, made by E. Skinner & Co., of Stillwater, New York, and which were discounted by the said Fennessey, Armstrong, & Co. The said E. B. Skinner & Co. placed with the said Fennessey, Armstong, & Co. three hundred and thirteen cases of knit underwear as collateral security for said notes, said collateral security having been transferred to the said The Foster Black Co., 'Limited.' This guarantee is given to protect the said The Foster Black Co., 'Limited,' in case said collateral security should prove insufficient to reimburse the said The Foster Black Co., 'Limited,' as above." Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*F. H. Gillett & W. W. McClench*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

KNOWLTON, J. The defendant, doing business under the name of Fennessey, Armstrong, and Company, was a banker, and he had discounted for third parties certain notes made by E. B. Skinner and Company, and he held as collateral three hundred

and thirteen cases of knit goods manufactured by the makers of the notes. The plaintiff corporation was doing business as a commission merchant, and was the selling agent of E. B. Skinner and Company. The notes not having been paid at maturity, the defendant drew on the plaintiff for the amount due on them. Before the drafts were honored the defendants transferred to the plaintiff the goods which he held as collateral, and executed the contract, a copy of which is annexed to the plaintiff's declaration. The plaintiff then disposed of the goods, and rendered an account of sales to the defendant, and afterwards brought suit for the balance alleged to be due it under the contract. The single question presented by this bill of exceptions is whether the plaintiff in making up its account had a right to charge the usual commissions for making the sales, and interest on its advancements and disbursements.

We are of opinion that it had. The contract guaranteed it against loss " arising from advances, disbursements, or charges made by the said The Foster Black Co., ' Limited.' " The evident purpose of the defendant was to give perfect indemnity to the corporation if the collateral should prove insufficient to reimburse it. Interest on advances and disbursements was a proper charge under the contract, and in determining the sufficiency of the collateral only the net proceeds of the property disposed of are to be accounted for. It can hardly be questioned that the ordinary expenses of turning the collateral into money were intended to be allowed, and such expenses would naturally include the reasonable charges and commissions of selling agents. The defendant knew that the plaintiff was a commission merchant, and was the selling agent of the makers of the notes who manufactured the goods. The contract is to be construed in reference to the situation and circumstances of the parties to it when it was made, and we are of opinion that they contemplated that the goods should be sold by the plaintiff with a right to commissions at the usual rate, and not that other commission merchants should be employed and paid to do the business. See *Turnbull* v. *Pomeroy*, 140 Mass. 117.

*Exceptions overruled.*